UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>ELECTRIC SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br>　　　　　　　　Defendants. | CIVIL ACTION No. 04-12588 DPW |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT AS TO SPORTBOX LLC
FOR FAILURE TO APPEAR**

Pursuant to Fed. R. Civ. P. 4, 7, 11, 12(b)(4), 12(b)(5) and 41(b), Defendants Electric Sports, Inc. and Messrs. John E. Conway and Mark Bortman (collectively, "Defendants") hereby submit this motion to dismiss this litigation in its entirety as to Sportbox LLC ("Sportbox"), a nominal party to this action. In support of their motion, Defendants state as follows:

Plaintiff William V. Frabizio III ("Frabizio"), the Managing Director of Sportbox and a non-lawyer, initiated the instant lawsuit *pro se*, naming himself and Sportbox as parties. As a corporate litigant unrepresented by counsel, however, Sportbox has not, by Frabizio's actions, entered an appearance in this case; nor has it signed the Complaint or the Amended Complaint (Court Dkt. Nos. 1 & 2) or been identified on the Summons issued in this case as required by the Federal Rules.

It is black letter law that a non-lawyer such as Frabizio may not represent a corporation "pro se" in legal proceedings. See John's Insulation, Inc. v. L. Addison and Assoc., Inc., 156 F.3d 101, 109 (1st Cir. 1998) ("[C]orporations cannot be represented by persons not licensed to practice law."); In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976) ("[A] corporation may be represented only by licensed counsel."). "The rule is well established that a corporation

is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). More specifically, "a corporation cannot normally appear 'pro se' through its principal officer." Ricci v. Key Bancshares of Maine, Inc., 111 F.R.D. 369, 372 (D.Me. 1986). In light of this longstanding legal doctrine, Frabizio cannot and does not represent Sportbox because he is not an attorney. Sportbox, while putatively named as a plaintiff in the caption of this case, is thus unrepresented and has not appeared in this action. Moreover, because no attorney of record has executed the Complaint and Amended Complaint on Sportbox's behalf pursuant to Rule 11(a), neither can be considered pleadings as to Sportbox under Rule 7(a). Similarly, because the Summons issued in this case does not "state the name and address of the plaintiff's attorney" as required by Rule 4(a), it too is defective and service of process as to Sportbox has thus not been properly effectuated pursuant to Rule 4(c)(1). On these facts, Sportbox has not engaged the jurisdiction of the Court by asserting legal claims in a pleading, and process, as well as service of process, have been insufficient.

For these reasons, Defendants respectfully request that the Court dismiss this lawsuit in its entirety as to Sportbox LLC pursuant to Rules 12(b)(4), 12(b)(5) and 41(b).

ELECTRIC SPORTS, INC., JOHN E. CONWAY, and MARK BORTMAN,

By their attorneys,

     /s/ Gabriel M. Helmer
Michele A. Whitham (BBO No. 553705)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:    (617) 832-7000

Dated: January 14, 2005

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel for the plaintiffs hereby certifies that counsel for defendants attempted in good faith to confer on this motion with plaintiffs SPORTBOX, LLC and WILLIAM V. FRABIZIO III, but was unable to do so.

                                                /s/ Gabriel M. Helmer
                                                  Gabriel M. Helmer, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2005, I caused a true copy of the above document to be served upon plaintiffs SPORTBOX, LLC and WILLIAM V. FRABIZIO III by mail.

                                                /s/ Gabriel M. Helmer
                                                  Gabriel M. Helmer, Esquire