UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ELECTRIC-SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br>　　　　　Defendants.<br><br>ELECTRIC SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br>　　　　　Plaintiffs in Counterclaim,<br><br>v.<br><br>SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III,<br><br>　　　　　Defendants in Counterclaim. | CIVIL ACTION No. 04-12588 DPW |

**MOTION OF COUNTERCLAIM PLAINTIFFS
TO AMEND COUNTERCLAIMS
TO JOIN ANNA MARIANI FRABIZIO
AS A COUNTERCLAIM DEFENDANT**

Pursuant to Fed. R. Civ. P. 15, 19 and 20, Defendants and Counterclaim Plaintiffs Electric Sports. Inc. ("Electric Sports"), John E. Conway ("Conway") and Mark Bortman ("Bortman") (collectively, the "Defendants" and "Counterclaim Plaintiffs") hereby move to join Anna Mariani Frabizio ("Mariani") as a Counterclaim Defendant in this case and for leave to refile Counterclaim Plaintiffs' Verified Counterclaims in the form attached hereto.

In support of this Motion, the Defendants state as follows:

1. Between February and August 2004, Bortman worked as a marketing and sales employee for Sportbox, a company that intended to sell AM/FM radios branded with the trademarks of Major League Baseball teams.

2. Between February and August 2004, Frabizio acted as Managing Director of Sportbox and Mariani acted in the capacity of, held herself out as, and was consistently identified by Sportbox and Frabizio as, Sportbox's Chief Financial Officer.

3. Bortman was constructively terminated from his employment at Sportbox on August 10, 2004. At the time his employment ended, Sportbox owed Bortman unpaid wages, commissions and vacation pay. Sportbox, Frabizio and Mariani refused to reimburse to Bortman unpaid wages, commissions and vacation pay in an amount in excess of $10,000.

4. On December 10, 2004, Frabizio initiated this lawsuit by filing a Complaint alleging, as though they were Frabizio's own, numerous legal claims almost identical to claims Electric Sports, Conway and Bortman asserted in a draft complaint provided to Frabizio during pre-suit settlement discussions. Frabizio filed an Amended Complaint on December 14, 2004 asserting the same legal claims.

5. On January 14, 2005, Defendants filed their Answer and Verified Counterclaims asserting against Sportbox and Frabizio, among other things, Bortman's legal claim for nonpayment of wages earned while he was a Sportbox employee, pursuant to the Massachusetts' Weekly Payment of Wages Act, M.G.L. ch. 149, §§ 148 & 150. *See* Answer and Verified Counterclaims, Count XI (Court Docket No. 7).

6. In consequence of her failure or refusal, as Sportbox's Chief Financial Officer, to pay Bortman his wages and commissions, Mariani, along with Frabizio and Sportbox, may be held liable for violating the Weekly Payment of Wages Act as alleged in the Defendants' original

Case 1:04-cv-12588-DPW    Document 8    Filed 01/28/2005    Page 3 of 6

counterclaims. *See generally* M.G.L. ch. 149, § 148, (any "officers or agents having the management of such corporation (which position Mariani held) . . . shall be responsible under this section for any failure to perform his official duty relative to the payment of [an employee's] wages or salaries."). Specifically, as an officer or agent having the management of Sportbox whose express duty it was to pay money, approve, audit or verify pay rolls, or perform any other official act relative to payment of Bortman's wages and salaries, Mariani, together with Frabizio and Sportbox, are jointly liable for Sportbox's nonpayment of wages to Bortman. Defendants' First Amended Answer and Counterclaims, attached hereto as Exhibit 1, thus joins Mariani as a Counterclaim Defendant in relation to Count XI, Bortman's claim under the Weekly Payment of Wages Act.

7.  Amendment of a pleading is appropriate under Fed. R. Civ. P. 15(a) at any time within 20 days after it is served. As the Defendant's served their Answer and Verified Counterclaims on January 14, 2005, they are entitled to make an amendment as of right.

8.  Joinder is appropriate here pursuant to Fed. R. Civ. P. 20(a), because Mariani's liability for nonpayment of wages to Bortman arise out of the Bortman's employment at Sportbox between February and August 2004 and involve the identical transactions and occurrences that establish Frabizio's and Sportbox's liability for nonpayment of wages.

9.  Under Fed. R. Civ. P. 19(a)(1), Mariani must be joined, to ensure that complete relief may be accorded to Bortman. Rule 19(a)(1) "is designed to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §1604 (3rd

- 3 -

ed. 2001).  Because Mariani is equally liable for the nonpayment of wages to Bortman, her joinder is needed to completely adjudicate the legal responsibility for the acts at issue.

10. In addition, Mariani's joinder in this lawsuit will further ensure that complete relief will be obtained.  Bortman and Conway during their employment and consultancy with Sportbox were privy in the discharge of their duties to details of Frabizio's credit history and Sportbox's finances.  As a direct result, Bortman and Conway are informed and believe that Frabizio and Sportbox may not possess sufficient funds to defray a judgment if the relief requested in the Answer and Verified Counterclaims is granted.  In consequence, Bortman may be unable to recover monetary relief for his claim under the Weekly Payment of Wages Act *unless* Mariani is joined.

11. Mariani, upon information and belief, is a resident of Newton, Massachusetts, is subject to service of process and her joinder would not deprive the Court of jurisdiction.

12. Moreover, joinder of Mariani will not prejudice any party.  Sportbox has not even appeared in this case and Frabizio and Sportbox have not responded to the counterclaims filed by the Defendants on January 14, 2005.  Discovery has not been scheduled nor begun.  In consequence, there is sufficient time for Sportbox, Frabizio and Mariani to respond to the Defendant's amended counterclaim and no prejudice would result if the Court allows the requested amendment and joinder.

WHEREFORE, Defendants respectfully move this Court to allow the amendment of the Defendants' Answer and Verified Counterclaims in the form attached hereto that join Anna

Mariani Frabizio as a Counterclaim Defendant in this case.[1]

                                  Respectfully submitted,

                                  ELECTRIC SPORTS, INC.,


                                   **/s/ Gabriel M. Helmer**
                                  Michele A. Whitham  (BBO No. 553705)
                                  Gabriel M. Helmer (BBO No. 652640)
                                  Foley Hoag LLP
                                  155 Seaport Blvd.
                                  Boston, MA  02210
                                  (617) 832-1000


Dated: January 28, 2005                      ATTORNEYS FOR PLAINTIFFS

---

[1] Defendants also request that the clerk's office issue a Summons in the form attached hereto as Exhibit 2.

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for ELECTRIC SPORTS, INC., JOHN E. CONWAY and MARK BORTMAN attempted to confer with Counterclaim Defendants SPORTBOX, LLC and WILLIAM V. FRABIZIO III on January 28, 2005 in a good faith attempt to resolve the issues raised in this motion and was unable to do so.

  /s/ Gabriel M. Helmer
Gabriel M. Helmer

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2005, I caused a true copy of the above document to be served upon SPORTBOX, LLC, WILLIAM V. FRABIZIO III and ANNA MARIANI FRABIZIO by mail.

  /s/ Gabriel M. Helmer
Gabriel M. Helmer