UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 31 · P 4: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRIC-SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br>Defendants. | CIVIL ACTION No. 04-12588 DPW |
| ELECTRIC SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br><br>Plaintiffs in Counterclaim,<br><br><br>v.<br><br>SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III,<br><br><br>Defendants in Counterclaim. | |

## OPPOSITION TO WILLIAM V. FRABIZIO'S FUTILE MOTION TO EXTEND THE TIME FOR PLAINTIFFS TO FIND COUNSEL

In an effort to avoid dismissal of Sportbox, LLC ("Sportbox") as a party to this action,

Plaintiff William V. Frabizio III ("Frabizio") has filed the instant Motion to Extend the Time for

Plaintiffs to Find Counsel, purportedly on behalf of Sportbox even though Frabizio, as a matter

of law, cannot represent Sportbox in this matter. Not only can Frabizio not bring such a motion

on behalf of Sportbox and not only does he lack standing to assert such a motion in Sportbox's

absence, but the extension of time Frabizio demands will not resolve the fundamental defects in

the filing of the Complaint, issuance of process and service of process that Sportbox's failure to

appear in this case has caused. For these reasons and those set forth in detail in the Defendants'

unopposed Motion to Dismiss Complaint as to Sportbox LLC For Failure to Appear (Court

Docket No. 5), the Court should deny Frabizio's Motion as futile and dismiss Sportbox from this

lawsuit.

### BACKGROUND

1.      The events giving rise to this dispute occurred between February and September

2004, the time during and shortly after Conway and Bortman provided services to Sportbox. *See*

*generally* Answer and Verified Counterclaims (Court Docket No. 7).

2.      Between September and December 2004, counsel for Electric Sports. Inc.

("Electric Sports"), John E. Conway ("Conway") and Mark Bortman ("Bortman") (collectively,

the "Defendants") attempted to initiate settlement discussions concerning the legal claims

asserted as counterclaims in this action with Frabizio and Sportbox, through their attorney, David

P. Hutchinson of Taylor, Ganson & Perrin L.L.P.

3.      On December 10, 2004, Mr. Hutchinson informed the Defendants that he no

longer represented Frabizio and Sportbox in relation to any disputes with Electric Sports,

Conway and Bortman.

4.      On the same day and apparently immediately after Mr. Hutchinson's services

were terminated, Frabizio initiated this lawsuit by filing the Complaint alleging, as though they

were Frabizio's and Sportbox's own, the same legal claims asserted by Electric Sports, Conway

and Bortman in the draft complaint provided to Frabizio on December 9. *Compare* Complaint

(Court Docket No. 1), Amended Complaint (Court Docket No. 2) with *Exhibit A* to Answer and

Verified Counterclaims (Court Docket No. 7).

5.      On January 14, 2005, Defendants filed their Answer and Verified Counterclaims

asserting against Sportbox and Frabizio, among other things, Defendants' original legal claims as

well as an additional claim for abuse of process, in consequence of Frabizio's filing of this

baseless, copycat lawsuit with full knowledge that he was making false allegations of fact.

6.    Since the filing of this lawsuit, Frabizio has represented to Bortman and others

that he and Sportbox continue to be represented by counsel in this action. Despite Frabizio's

assertions, on January 28, 2005, Mr. Hutchinson reiterated that he does not represent either

Frabizio or Sportbox with regard to the matters at issue in this lawsuit, but stated that he does

represent Frabizio and Sportbox for the purposes of general corporate matters. *See Exhibit 1.*

Mr. Hutchinson's demurrer is consistent with Frabizio's statement to the Court in this motion

asserting that neither he nor Sportbox in fact has counsel in this matter.

7.    On January 29, 2005, counsel for Defendants received the instant Motion to

Extend the Time for Plaintiffs to Find Counsel, without any good faith attempt by Frabizio to

confer or resolve this issue pursuant to Local Rule 7.1(2).

ARGUMENT

8.    As a preliminary matter, Frabizio's Motion must be denied because Frabizio has

not complied with Local Rule 7.1(2) which states that "[n]o motion shall be filed" unless the

parties confer in a good faith attempt to resolve the matter. Not only has Frabizio made no

attempt to contact counsel to resolve this matter, but the Court may take notice of the fact that

Frabizio has made no attempt to confer regarding any matter he has raised with the Court and, in

consequence, has not certified pursuant to Local Rule 7.1 any motion filed with the Court in this

action. Until Frabizio is willing to confer with Defendants to resolve or narrow issues in dispute,

the instant Motion -- as well as any future motions that Frabizio hopes serve without conference

and thereby obtain the advantage of surprise -- should be denied.

9.    Frabizio's Motion to Extend is entirely futile. Neither the Court nor the Federal

Rules have set a deadline by which time Frabizio or Sportbox must obtain counsel. As best as

can be made out, Frabizio's Motion does not oppose Defendants' Motion to Dismiss Complaint as to Sportbox LLC For Failure to Appear (Court Docket No. 5) on the merits, but rather requests a four (4) week delay so that Sportbox, a party who has not appeared in this action, may avoid dismissal of the legal claims Frabizio has improperly asserted on Sportbox's behalf.

10.     The relief requested in Frabizio's Motion to Extend does not begin to address the circumstances that mandate immediate dismissal. Whether or not Sportbox obtains counsel now or within the four weeks requested by Frabizio, the appearance of counsel will not cure the defects that make dismissal appropriate: (1) neither the Complaint nor the Amended Complaint were executed by Sportbox, (2) the Summons was defective because it did not identify Sportbox's counsel, and (3) service of process included neither a properly executed pleading nor a properly issued summons.

11.     Sportbox's appearance in this case, whether it occurs today or in four weeks, cannot cure these fundamental shortcomings. Sportbox cannot resuscitate the fatally defective pleadings and process and avoid dismissal by merely appearing with counsel. No additional "information/evidence" or "exhibits of fact," such as those promised in Frabizio's Motion, will cure the grounds for dismissal which are procedural in nature. For these reasons and those set forth in Defendants' Motion to Dismiss, the Court should dismiss the Amended Complaint as to Sportbox without granting the requested four-week delay.[1]

12.     Moreover, as the background of this case make particularly clear, Sportbox and Frabizio have not, for any extensive period of time, been without the aid of counsel. In fact, both Sportbox and Frabizio were represented by counsel with regard to the dispute underlying this matter throughout 2004. Sportbox and Frabizio apparently only "parted company" with Mr.

---

[1] It goes without saying that, should Sportbox in the future seek to initiate litigation, it may attempt to do so.

Hutchinson on or about December 9, 2004, the day before Frabizio filed the Complaint which is currently the subject of Defendants' Federal Rule 11 demand letter and a counterclaim for abuse of process. Not only has Frabizio continued to claim that he is represented in regard to this matter, but Mr. Hutchinson has confirmed that he continues to represents Sportbox and Frabizio with regard to other legal matters. Evidently, Sportbox is unrepresented only so far as this lawsuit is concerned. As of the filing of this Opposition, Sportbox has had over fifty (50) days to obtain counsel, more than sufficient time in which to engage a replacement for Mr. Hutchinson.

13.    Frabizio's statement that a four week extension is needed to obtain "information/evidence" is a particularly telling admission. Frabizio concedes that he requires factual support that he does not currently possess in order to obtain new counsel for Sportbox in this matter. This is undoubtedly true. Members of the bar are understandably hesitant to undertake representation for Sportbox and assume the concomitant duties of Federal Rule 11 when the legal claims Frabizio has asserted are without a shred of factual support and have been brought to harass the Defendants. While this does explain why Sportbox has not managed to replace counsel after over a month has passed, these circumstances fail to justify further delay, especially when obtaining counsel will be entirely ineffective to avoid dismissal of the complaint as to Sportbox.

WHEREFORE, Defendants respectfully request that this Court deny William V. Frabizio's Motion to Extend the Time For Plaintiffs to Find Counsel and grant Defendant's

Motion to Dismiss Complaint as to Sportbox LLC For Failure to Appear.

Respectfully submitted,

ELECTRIC SPORTS, INC.,

Michele A. Whitham  (BBO No. 553705)
Gabriel M. Helmer (BBO No. 652640)
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA  02210
(617) 832-1000

Dated: January 31, 2005                    ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2005, I caused a true copy of the above document to be served upon SPORTBOX, LLC and WILLIAM V. FRABIZIO III by mail.

Gabriel M. Helmer

- 6 -