UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III<br><br>      Plaintiffs,<br><br>v.<br><br>ELECTRIC-SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br>      Defendants. | CIVIL ACTION No. 04-12588 DPW |
| ELECTRIC SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br><br>      Plaintiffs in Counterclaim,<br><br><br>v.<br><br>SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III,<br><br><br>      Defendants in Counterclaim. | |

**DEFENDANTS/PLAINTIFFS IN COUNTERCLAIM**
**STATEMENT PURSUANT TO LOCAL RULE 16.1**

Although the parties in the above-captioned action fulfilled their obligation to confer in

accordance with Loc. R. 16.1(B), counsel for Defendants/Plaintiffs in Counterclaim have been

unsuccessful in getting any response from Plaintiff/Defendant in Counterclaim William V.

Frabizio III to a draft Joint Statement circulated to Mr. Frabizio following the conference, despite

five emails and two phone calls to him seeking to elicit his cooperation.[1]   Accordingly,

Defendants/Plaintiffs in Counterclaim submit this Rule 16.1 Statement pursuant to Fed. R. Civ.

P. 26(f) and Local Rule 16.1(D) on their own behalf, although continue to reflect in the

document agreements that Defendants/Plaintiffs in Counterclaim understood were reached in the

Rule 16.1 Conference.

I.    **NATURE AND BASIS OF THE CLAIMS AND DEFENSES**

Plaintiff William V. Frabizio III ("Frabizio")[2] filed suit on December 10, 2004, alleging

that a former independent consultant (Defendant John E. Conway) and a former employee

(Defendant Mark Bortman) of Frabizio's company, Sportbox LLC,  had improperly conducted

surveillance of Frabizio, his associates and friends, and improperly misapporpriated Sporbox's

property and business plan in violation of the Computer Fraud and Abuse Act (as amended by

the USA PATRIOT Act of 2001) (18 U.S.C. § 1030), the Stored Communications Act (18

U.S.C. § 2701, *et seq.*), the Copyright Act (17 U.S.C. §  *et seq.*), the Massachusetts Wiretap Act

(Mass. Gen. L. c. 272, § 99), the Massachusetts Consumer Protection Act (Mass. Gen. L. c. 93,

§§ 42 and 42A), and Massachusetts law barring misappropriation of confidential and proprietary

business information and trade secrets, defamation, invasion of privacy and conversion.  On

January 14, 2005, Defendants Conway and Bortman, together with Electric Sports, Inc., a start-

---

[1] On the eve of the deadline for making this filing, Frabizio contacted counsel for the Defendants/Plaintiffs in Counterclaim and claimed that the draft document had been treated as "spam" by his email system and thus he had just recovered it, although nothing like this had ever happened before over several months of email communications between the parties.  Thereafter, counsel's efforts to reach Frabizio by telephone also went unanswered.

[2] Frabizio's purported co-plaintiff in the lawsuit is Sportbox LLC, a Massachusetts Limited Liability Company with principle place of business located at 107 Bridge Street, Newton, Massachusetts.  Complaint (Court Docket No. 1) ¶ 4.  Because, however, Frabizio has attempted to add Sportbox as a Plaintiff in this action without the assistance of counsel, it is black letter law that the company is unrepresented and has thus failed to appear in this litigation or to engage the jurisdiction of the Court. On January 14, 2005, the Defendants moved to dismiss Sportbox as a Plaintiff to this action for thus failing to appear. *See* Defendants' Motion to Dismiss Complaint as to Sportbox LLC for Failure to Appear (Court Docket No. 5).  Although this motion has been pending for two months, no attorney has yet filed an appearance on behalf of Sportbox and the Motion is ripe for decision.

up company founded by Conway and Bortman following their departure from Sportbox,

answered, asserted affirmative defenses and filed verified counterclaims against Sportbox and

Frabizio, paralleling those claims filed in the first instance by Frabizio and asserting that

Frabizio's initial filing was a "copycat" version of the Counterclaims original drafted by the

Counterclaim Defendants and misappropriated by Frabizio, in an abuse of process, for the

purpose of damaging Counterclaimants fledgling business and improperly gain a competitive

advantage.  Since the suit was filed, the parties have engaged in motion practice, detailed in

Section II below, and also engaged in extended settlement discussions.

## II.    MATTERS TO BE DISCUSSED AT THE RULE 16.1 CONFERENCE

The parties wish to address at the Rule 16.1 Conference to be held in this case on March

24, 2005, the following matters:

A.    The parties wish either to argue at the Conference the pending motions in the case

or, alternatively, to set a schedule for hearings on the motions, including:

    1.    Plaintiff's Motions.

        a.    Motion to Extend the Time for Plaintiffs to Find Counsel;

        b.    Emergency Motion to Excuse Foley Hoag as Defendants' Counsel; and

        c.    Motion to Amend the Complaint with Exhibits and Provide a Settlement Agreement that Supersedes and Negates Defendants' Counterclaims.

    2.    Defendants' Motions.

        a.    Motion to Dismiss Complaint as to Sportbox LLC for Failure to Appear;

        b.    Motion of Counterclaim Plaintiffs to Amend Counterclaims to Join Anna Mariani Frabizio As a Counterclaim Defendant; and

      c.        Defendants' Emergency Motion for Order Impounding Certain Exhibits to William V. Frabizio III's Motion to Amend the Complaint.

B.      In order to try to achieve an early resolution of the case, the parties request that the Court appoint a judicial officer to preside over ongoing settlement discussions among the parties, including scheduling discussions to occur within fourteen (14) days following the making of initial disclosures in the case.

C.      The Defendants'/Plaintiffs in Counterclaims' requests the Court to instruct the *pro se* Plaintiff/Defendant in Counterclaim Frabizio in the protocols for litigating this matter in the federal court, including the requirements to obtain reasonable evidentiary support for factual allegations prior to filing papers before the Court, to confer in advance of filing motions, to file papers electronically and to desist from threatening criminal prosecution as a means of gaining an advantage over his opponents in this civil action, including threats of referrals to the FBI and other agencies of the United States Government.

D.      The Defendants/Plaintiffs in Counterclaims' request that Plaintiff/Defendant in Counterclaim Frabizio be required to identify his counsel and cause counsel to appear or to represent to the Court under oath that he has not retained counsel to represent him in this matter.

III.    **PROPOSED DISCOVERY PLAN**

The parties jointly submit the following proposed schedule for discovery in this case, which schedule is designed to effect an early resolution of the case if possible:

A.      <u>Initial Disclosures</u>.  Initial disclosures to be made pursuant to Fed. R. Civ. P. 26(a)(1) on or before 14 days from the day the court approves a discovery schedule.

B.      <u>Judicial Settlement Conference</u>.  In order to attempt an early resolution of the case (in view of the parties on-going but unsuccessful efforts directly to negotiate a settlement of

this matter), the parties request the Court to appoint -- in accordance with the provisions of Loc.

R. 16.4 -- a judicial officer to convene and preside over a settlement conference within fourteen

(14) following the making of initial disclosures.

C.     Close of Fact Discovery.  Should the case not be resolved by the judicially

facilitated settlement conference, fact discovery will continue for the 180 days immediately

following the conclusion of the judicial settlement conference.

E.     Designation of Initial Expert Witnesses.  The parties will disclose the names,

employers and business addresses of all expert witnesses who will testify at trial on issues upon

which that party bears the burden of proof and will provide all other information as required by

Fed. R. Civ. P. 26(a)(2)(A) within thirty (30) days after the close of fact discovery.

F.     Initial Expert Reports.  The parties shall serve expert reports as required by Fed.

R. Civ. P. 26(a)(2)(B) within sixty (60) days after the close of fact discovery.

G.     Designation of Rebuttal Experts.  The parties shall disclose the names, employers

and business addresses of all rebuttal expert witnesses who will testify at trial and will provide

all other information as required by Fed. R. Civ. P. 26(a)(2)(A) within thirty (30) days of receipt

of initial expert reports.

H.     Rebuttal Expert Reports.  The parties shall serve rebuttal expert reports as

required by Fed. R. Civ. P. 26(a)(2)(B) within sixty (60) days after receipt of initial expert

reports.

I.     Close of Expert Discovery.  The parties shall complete expert discovery within

thirty (30) days after the receipt of rebuttal reports or, if there are no designated rebuttal experts,

thirty (30) days from the deadline to designate rebuttal experts.

**IV.     PROPOSED SCHEDULE FOR FILING OF MOTIONS**

Any motions pursuant to Rules 12, 15, 19 and 20 of the Federal Rules of Civil Procedure and summary judgment motions, if any, shall be filed by no later than thirty (30) days from the close of expert discovery.

**V.      PROPOSED SCHEDULE FOR PRE-TRIAL CONFERENCE**

The parties propose that the Court schedule the pre-trial conference for thirty (30) days from entry of the Court's determination of all dispositive motions, if any, or thirty (30) days from the deadline to file dispositive motions, if no dispositive motions are filed.

**VI.     STATEMENT CONCERNING TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by a magistrate judge.

**VII.    LOCAL RULE 16.1 CERTIFICATION**

Defendants/Plaintiffs in Counterclaim file herewith their certification pursuant to Loc. R. 16.

Respectfully submitted,

ELECTRIC SPORTS, INC., JOHN E.
CONWAY and MARK BORTMAN

By their attorneys,


   **/s/ Gabriel M. Helmer**
Michele A. Whitham  (BBO No. 553705)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000


ATTORNEY FOR DEFENDANTS and
PLAINTIFFS IN COUNTERCLAIM

Dated March 18, 2005