UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRIC-SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br>Defendants. | CIVIL ACTION No. 04-12588 DPW<br><br>**REQUEST FOR ORAL ARGUMENT** |
| ELECTRIC SPORTS, INC.,<br>JOHN E. CONWAY, and MARK BORTMAN<br><br>Plaintiffs in Counterclaim,<br><br>v.<br><br>SPORTBOX LLC, and<br>WILLIAM V. FRABIZIO III,<br><br>Defendants in Counterclaim. | |

**DEFENDANTS' MEMORANDUM OF LAW
(1) IN OPPOSITION TO WILLIAM V. FRABIZIO III'S FILING OF
A SECOND AMENDED COMPLAINT AND
(2) IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO STRIKE
<u>SECOND AMENDED COMPLAINT</u>**

Defendants Electric Sports, Inc. ("Electric Sports"), John E. Conway ("Conway") and Mark Bortman ("Bortman") (collectively, "Defendants") respectfully submit this memorandum of law in response to the filing of a second amended complaint by Plaintiff William V. Frabizio III ("Frabizio") that he has erroneously (or misleadingly) entitled "Motion to Amend the Complaint With Exhibits And Provide A Settlement Agreement That Supersedes And Negates Defendants' Counterclaims" ("Second Amended Complaint") (Court Docket No. 16). In

addition, Defendants submit this memorandum of law in support of Defendants' Cross-Motion to Strike Second Amended Complaint, which has been filed herewith.

### FACTUAL BACKGROUND

1. On December 10, 2004, Frabizio filed the Complaint in this matter asserting violations of federal statutes, in particular the Computer Fraud and Abuse Act (18 U.S.C. § 1030), the Stored Communications Act (18 U.S.C. § 2701, *et seq.*), the Federal Wiretap Act (18 U.S.C. § 2510, *et seq.*) and the Copyright Act (17 U.S.C. § 101, *et seq.*), as well as for violations of Massachusetts statutes and common law, in particular the Massachusetts Wiretap Act (M.G.L. ch. 272, § 99), the Massachusetts common law and statutes concerning the tortious misappropriation of trade secrets (M.G.L. ch. 93, §§ 42 and 42A), the Massachusetts Consumer Protection Act (M.G.L. ch. 93A, § 11) barring unfair and deceptive business practices, as well as for invasion of privacy, conversion and defamation.

2. Three days later, on December 13, 2004, Frabizio filed his Amended Complaint, which added no new parties or legal claims, but added verbiage to the existing legal counts.

3. On December 21, 2004, Defendants served Frabizio with a demand letter pursuant to Fed. R. Civ. P. 11, requesting that Frabizio immediately withdraw the Complaint and Amended Complaint on the grounds that Frabizio has, at all relevant times, known that allegations of wrongdoing made in the Complaint and Amended Complaint are false and that they were filed for improper purposes. *See* Answer and Verified Counterclaims (Court Docket No. 7).

4. The safe harbor period provided by Rule 11 for the withdrawal of the Frabizio's defective pleadings expired on January 11, 2005. Frabizio refused to withdraw the defective pleadings filed in this case.

5. On January 14, 2005, Defendants filed their Answer and Verified Counterclaims (Court Docket No. 7) asserting, among other claims, a claim for abuse of process against Frabizio for filing the Complaint and Amended Complaint without any reasonable basis in fact and for the purpose of damaging Counterclaimants fledgling business and improperly gaining a competitive advantage.

6. On March 4, 2005, Frabizio filed his Emergency Motion to Excuse Foley Hoag As Defendants' Counsel ("Emergency Motion"), asserting without evidentiary support that Foley Hoag, Defendants' current counsel, must be disqualified due to a conflict of interest because counsel had purportedly been previously engaged on behalf of Sportbox and Frabizo.

7. Also on March 4th, Frabizio filed his Second Amended Complaint. The Second Amended Complaint contains no new legal claims and has added no new parties. The only modifications between Frabizio's Amended Complaint and his Second Amended Complaint are the addition of several new factual allegations, many of which assert that Defendants' counsel, attorneys at the law firm of Foley Hoag, has a conflict of interest in this case and have, during their representation of the Defendants, committed unethical and illegal acts. Paragraph 38 alleges that "all of Sportbox's extremely confidential information" was provided to present counsel in July 2004. Paragraphs 38, 39 and 52 allege that Foley Hoag has previously represented Frabizio and Sportbox and that counsel's current representation of the Defendants has created a conflict of interest. Paragraph 51 alleges that counsel "clearly agreed . . . that the defendants' legal actions and claims were to put Plaintiffs' [sic] out of business." Paragraph 54 and 55 assert that counsel has made false allegations regarding this lawsuit and unspecified criminal prosecution. <u>See</u> Second Amended Complaint (Court Docket No. 16) ¶¶ 38-39, 51-51, 54-56, 62.

8.  These allegations have also asserted in support of Frabizio's Emergency Motion to Excuse Foley Hoag As Defendants' Counsel, which is currently pending before the Court. Defendants have filed, concurrently with this Opposition Emergency Motion and the Second Amended Complaint -- are totally and completely false.  The Defendants concurrent filings are incorporated herein by reference.[1]

9.  In addition, the Second Amended Complaint attached exhibits, including, in particular, a version of the Defendants' confidential business plan that Defendants/Plaintiffs in Counterclaim have alleged that Frabizio and Sportbox misappropriated (Second Amended Complaint (Court Docket No. 16), Exhibit 16) and a confidential settlement agreement between Conway and Bortman (Second Amended Complaint (Court Docket No. 16), Exhibit 20).

10. On March 14, 2005, the Defendants moved to impound Exhibits 16, 18 and 20 of the Second Amended Complaint on the grounds that they contained confidential, proprietary and privileged material and had been improperly filed.

## ARGUMENT

**I. Frabizio's Second Amended Complaint Has Been Improperly Filed Without Defendants' Consent Or Leave Of Court And Should Therefore Be Rejected**

As an initial matter, Frabizio's Second Amended Complaint should be rejected because he has not made any effort whatsoever to comply with Federal Rule 15, which requires Frabizio seek leave of this Court before filing any additional amended pleadings (and to confer with counsel for the Defendants before filing such a motion).  Federal Rule 15(a) permitted Frabizio to amend the Complaint once as a matter of course, which he did on December 13, 2004, but, pursuant to Rule 15(a), Frabizio must now secure this Court's prior approval or the consent of

---

[1] Citation to "Whitham Aff." will refer to the Affidavit of Michele Whitham, Esquire In Opposition filed with Defendants' Opposition to Frabizio's Motion to Excuse Foley Hoag As Defendants' Counsel.

the Defendants to file the Second Amended Complaint. Frabizio has not obtained or even requested either the Court's leave or the Defendants' consent.

Even though Frabizio has added the term "motion" to the heading of his Second Amended Complaint, Frabizio has not "state[d] with particularity, the grounds therefor" and has not "set forth the relief or order sought" as is required for any motion under Federal Rule 7(b). These requirements of Rule 7(b) are not hypertechnical procedural limitations -- they require that Frabizio, at the minimum, state what he is seeking and present reasons supporting his request, so that the Court may understand what is sought and why and the Defendants can subsequently respond. In this respect, Frabizio has utterly failed to request leave to file the Second Amended Complaint, let alone present any reason to support such a request, and therefore his Second Amended Complaint should be rejected outright.

**II.     Because Frabizio's Second Amended Complaint Has Been Filed For Improper Purposes, Amendment in Not Appropriate**

This Court must also reject Frabizio's Second Amended Complaint because the Federal Rules do not permit the filing of amendments, like Frabizio's baseless, scandalous and impertinent Second Amended Complaint, that are filed solely for improper purposes. While Courts liberally grant leave for *legitimate* amendments, Federal Rule 15 does not permit Frabizio to amend his already-amended pleading when it would "serve no legitimate purpose." Judge v. City of Lowell, 160 F.3d 67, 79 (1st Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Furthermore, amendment is not appropriate under Rule 15 when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." Farkas v. Texas Instruments, Inc., 429 F.2d 849, 851

(1st Cir. 1970) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).[2] Bad faith and improper purpose are established under Rule 15 where, as here, the amendment is submitted solely to "compound the costs and inconvenience incurred by the present defendants." Damiani v. Adams, 657 F.Supp. 1409, 1416 (S.D.Cal. 1987) (denying motion for leave to amend complaint on the grounds that the plaintiffs' new conspiracy theory, involving dozens of new defendants, was interposed to harass and prejudice the defendants).

### A. Frabizio's Baseless, Impertinent and Scandalous Allegations Against Non-Parties To This Lawsuit Demonstrate That These Amendments Were Brought For An Improper Purpose

In this case, no legitimate reason exists to grant Frabizio leave to amend, because Frabizio's amendments are comprised solely of baseless accusations leveled at counsel in order to harass and prejudice the Defendants. According to Frabizio, Defendants' counsel, in undertaking representation of the Defendants, conspired with the Defendants to misappropriate unspecified trade secrets and force Frabizio and Sportbox out of business in a manner that involves unethical, illegal and even criminal conduct. See Second Amended Complaint (Court Docket No. 16) ¶¶ 38-39, 51-51, 54-56, 62. These accusations against counsel are demonstrably false (see generally Whitham Aff. ¶¶ 4-12) and Frabizio has not offered any cognizable evidence whatsoever that establishes that counsel has been involved in any of the ethical or legal violations he has asserted.[3]

The only two documents Frabizo relies upon as evidence of his allegations regarding Foley Hoag, Exhibits 8 and 18, do not support his new assertions. Frabizio states that Exhibit 8

---

[2] In deciding whether to allow amended pleadings, a court bases its decision upon the totality of the circumstances. Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989). These circumstances can include the defendant's time, effort, and expenses in responding again to the pleadings. See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).

[3] See Defendants' Opposition to Plaintiff William V. Frabizio III's Motion to Excuse Foley Hoag, filed concurrently with this motion, as well as the discussion at p.7 below.

to his motion, an email in which Foley Hoag provided Bortman with the résumés of attorneys at the firm, supports the allegation that Foley Hoag obtained "all of Sportbox's extremely confidential information." Second Amended Complaint (Court Docket No. 16) ¶ 38. Clearly no confidential material was conveyed to counsel in the correspondence, as the email was directed *from* counsel *to* Bortman, and *from* Bortman *to* Frabizio. Moreover, as is established in detail in Ms. Whitham's affidavit, counsel never obtained any such confidential materials. See Whitham Aff. at ¶¶ 4-10. The only other evidence Frabizio submits to support his allegations against Foley Hoag is Frabizio's personal account of a privileged email between Bortman and counsel that was somehow diverted to Frabizio without permission and allegedly destroyed long ago. See Second Amended Complaint (Court Docket No. 16), Exhibit 18. Even if the privileged email were both discoverable and admissible evidence -- which it is not -- Frabizio's alleged memory of its contents is not credible and does not substantiate his baseless allegations.

      Contrary to Frabizio's fantastic assertions, the evidence demonstrates that the accusations that Frabizio now levels at Defendants' counsel are completely false. While it is true that Bortman did invite Foley Hoag to Sportbox in July 2004 to be interviewed for the role of counsel to Sportbox, no meeting ever took place. See Whitham Aff. at ¶¶ 4-10. At no time has Foley Hoag ever accepted any assignment from, conducted any work for, billed any time to or collected any fees for services rendered from Sportbox or any of its agents. See Whitham Aff. at ¶ 10. Counsel has never requested or received any confidential or proprietary information from or regarding Sportbox. See Whitham Aff. at ¶ 10. Moreover, counsel has no knowledge of, and certainly never participated in, any alleged wiretapping or any other illegal or unethical conduct, as Frabizio has represented in the Second Amended Complaint. See Whitham Aff. at ¶11. Frabizio's assertions are completely without any basis in fact and are utterly false.

Additionally, there is no basis pursuant to Rule 8 for again amending Frabizio's Amended Complaint to add his scurrilous allegations about Foley Hoag to the public record. Frabizio has not made any legal claims against counsel or joined counsel as a party in this matter, despite the seriousness of his wild allegations. Frabizio's amendments are thus entirely irrelevant to the legal dispute between the parties. Indeed, as demonstrated by Frabizio's Emergency Motion, Frabizio clearly wants counsel out of this case. In this regard, Frabizio hopes to prejudice the Defendants and "compound the costs and inconvenience incurred by the present defendants" by forcing them to obtain new counsel. In addition, because Frabizio has moved this Court to disqualify counsel in a separate motion rife with the same falsehoods that Frabizio has asserted in the Second Amended Complaint, Frabizio's frivolous amendments serve only to force the Defendants to respond to Frabizio's baseless assertions twice. As Frabizio's new allegations are not offered in support of any cause of action alleged in the case, adding them is pointless and only demonstrates Frabizio's improper purpose.

    **B.    By Attaching the Defendants' Proprietary and Confidential Materials To The Second Amended Complaint, Frabizio Has Further Demonstrated His Bad Faith**

Furthermore, Frabizio has also used the filing of his Second Amended Complaint to publicly disseminate the Defendants' confidential and privileged materials, including the very business plan misappropriated from the Defendants and shared by Frabizio and Sportbox with third-parties in the attempt to derail Defendants' business (Exhibit 16). See Answer and Verified Counterclaims (Court Docket No. 6) ¶¶ 34-40. By entering this filing into the public record, Frabizio has again attempted to disclose Electric Sports' highly confidential business plan to others. The damage and prejudice caused by this intentional disclosure demonstrates that Frabizio's Second Amended Complaint, like the filing of this frivolous lawsuit, is part of Frabizio's campaign to sabotage Defendants' business through whatever means at his disposal.

In view of these facts and circumstances, Frabizio's attempts to insert these new allegations into and file confidential documents as exhibits to the Second Amended Complaint are clearly not intended for a legitimate purpose. See Davidson v. Cao, 211 F.Supp.2d 264, 285 (D.Mass. 2002) (finding that adding defendant's confidential documents as exhibits to a complaint "goes beyond a mere litigation mistake" and "possesses the element of unfairness and deception inherent to a chapter 93A claim."). In consequence, there is no *legitimate* reason for the Court to allow Frabizio leave to file the Second Amended Complaint.

**III.     Frabizio's New Allegations Are Impertinent and Scandalous And The Second Amended Complaint Should Be Stricken In Its Entirety**

Especially in light of the improper purpose behind Frabizio's unsupported, irrelevant and scandalous new allegations, this Court should strike the Second Amended Complaint in its entirety. The Federal Rules require that Frabizio's pleading set forth a "short and plain statement of the claim," not inflammatory or immaterial statements. See Fed. R. Civ. P. 8(a); Water Keeper Alliance v. U.S. Dept. of Defense, 199 F.R.D. 445, 446 (D.P.R. 2001) (striking *sua sponte* inflammatory and immaterial statements made in the complaint). The Court may strike pleadings containing "immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In this regard, Rule 12(f) permits the Court to strike pleadings that contain, *inter alia*, "superfluous descriptions" that are not "substantive elements of the cause of action" (Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir.1988)), allegations regarding non-parties that have no bearing on the active legal claims (Wiggins v. Philip Morris, Inc., 853 F.Supp. 457, 458 (D.D.C. 1994)), allegations that improperly charge criminal conduct irrelevant to the civil action (Pena v. Guzman, 2004 WL 253331, *4 (S.D.N.Y. __, 2004)), and "[s]candalous material . . . which casts an adverse light on the character of an individual or party." Alvarado-Morales v.

Digital Equipment Corp., 669 F.Supp. 1173, 1186 (D.P.R. 1987), aff'd 843 F.2d 613 (1st Cir. 1988).

Accusations of illegal and unethical behavior directed at counsel, like those now asserted in Frabizio's Second Amended Complaint, are particularly suspect because they are both irrelevant and scandalous under Rule 12(f) and often interposed for improper purposes. See Nault's Automobile Sales, Inc. v. Am. Honda Motor Co., Inc., 148 F.R.D. 25, 31 (D.N.H. 1993) (striking multiple pleadings presented by plaintiff that alleged that defense counsel engaged in unethical and criminal behavior and sanctioning counsel for the filing of such allegations). In Nault's Automobile Sales, after two years of discovery, the plaintiff filed pleadings accusing defense counsel of discovery misconduct, suborning perjury, and other illegal behavior. The district court struck the plaintiff's filings in their entirety, ruling that the plaintiff's "tone, the language used, and the accusations themselves are unwarranted by the facts" (Id. at 35) and that there was no "objectively reasonable basis" for the criminal allegations against defendant's counsel, despite poor conduct and suspicious behavior by defense counsel during discovery. Id. at 34. Similarly, other courts have struck pleadings that allege illegal behavior by either the defendant or defense counsel, because they are often added to magnify the burden of litigation on the other side. See Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 665 (7th Cir. 1992) (striking as scandalous allegations that defendants had engaged in a fraudulent scheme); Pena v. Guzman, 2004 WL 253331, *4 (S.D.N.Y.) (striking allegation that "improperly charges defendant with criminal conduct not relevant to this civil action").

Frabizio's new assertions against Foley Hoag are false and entirely scandalous, and more than justify striking the Second Amended Complaint. As discussed in detail above and in Defendants' Opposition to Frabizio's Motion to Excuse, there is not a single shred of evidence

that supports Frabizio's wild and defamatory allegations, asserted for the first time in the Second Amended Complaint.  Indeed, like the allegations made in the <u>Nault's Automobile Sales</u> case, Frabizio's amendments constitute only an irrelevant and scandalous attack on counsel, intended to harass the Defendants rather than add to Frabizio's legal claims.

## **CONCLUSION**

For the reasons discussed above, Frabizio's Second Amended Complaint which has been misleadingly entitled "Motion to Amend the Complaint With Exhibits And Provide A Settlement Agreement That Supercedes [sic] And Negates Defendants' Counterclaims" is grossly improper and should be rejected and stricken in its entirety, and Defendants should be awarded all fees and costs in opposing this baseless motion.

## **REQUEST FOR ORAL ARGUMENT**

Defendants respectfully request that the Court schedule oral argument of ten (10) minutes per side to clarify and resolve this matter.

        Respectfully submitted,

        ELECTRIC SPORTS, INC.,
        MARK BORTMAN and JOHN E. CONWAY,

        By their attorneys,


        **/s/ Gabriel M. Helmer**
        Michele A. Whitham  (BBO No. 553705)
        Gabriel M. Helmer (BBO No. 652640)
        Foley Hoag LLP
        155 Seaport Blvd.
        Boston, MA  02210
        (617) 832-1000

Dated: March 18, 2005        ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 18th day of March, 2005, I caused a true copy of the above document to be served upon SPORTBOX, LLC and WILLIAM V. FRABIZIO III by mail.


                                            **/s/ Gabriel M. Helmer**
                                              Gabriel M. Helmer